**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IBRAHIM NAOFAL, a.k.a. Ibrahim Noufal,<br><br>          Petitioner,<br><br>  v.<br><br>MICHAEL B. MUKASEY,<br><br>          Respondent. | No. 08-71852<br><br>Agency No. A095-691-659<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Ibrahim Naofal, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's finding that Naofal failed to demonstrate the beating he endured was on account of a protected ground, including his religion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Naofal's withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**